UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>BUZZ OATES CONSTRUCTION, INC., a California corporation; ELITE READY-MIX, LLC, a California limited liability company; FINANCIAL PACIFIC INSURANCE COMPANY, a California corporation; RON NURSS, INC dba BLUELINE CONSTRUCTION, a California Corporation and DOES 1 through 10, inclusive,<br><br>            Defendants. | No. 2:24-cv-02184 WBS AC |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After consulting with the parties at the scheduling

1

conference held December 2, 2024, and upon review of the parties' joint status report (Docket No. 32), the court issues the following pretrial scheduling order:

I.   SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.  JOINDER OF PARTIES/AMENDMENTS

The parties anticipate that (1) plaintiffs will amend the complaint to add additional declarations regarding its duty to defend and indemnify Buzz Oats Construction, Inc., Ron Nurss, Inc. dba Blueline Construction, and/or Elite Ready-Mix LLC against various cross-complaints filed in the underlying state court action, and (2) Buzz Oats anticipates filing a counterclaim against plaintiffs and a cross-claim against Financial Pacific Insurance Co.  These and any other amendments to the pleadings shall be filed by **October 3, 2025.**

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332(a), because the parties have complete diversity, and the amount in controversy exceeds $75,000.  Venue is undisputed and hereby found to be proper.

IV.  DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **March 17, 2025.**

The parties shall disclose experts and produce reports

2

1  in accordance with Federal Rule of Civil Procedure 26(a)(2) by no
2  later than **February 27, 2026**.  With regard to expert testimony
3  intended solely for rebuttal, those experts shall be disclosed
4  and reports produced in accordance with Federal Rule of Civil
5  Procedure 26(a)(2) on or before **March 31, 2026.**

6           All discovery, including depositions for preservation
7  of testimony, is left open, save and except that it shall be so
8  conducted as to be completed by **April 30, 2026.**  The word
9  "completed" means that all discovery shall have been conducted so
10 that all depositions have been taken and any disputes relevant to
11 discovery shall have been resolved by appropriate order if
12 necessary and, where discovery has been ordered, the order has
13 been obeyed.  All motions to compel discovery must be noticed on
14 the Magistrate Judge's calendar in accordance with the local
15 rules of this court and so that such motions may be heard (and
16 any resulting orders obeyed) not later than **April 30, 2026.**

17 V.    MOTION HEARING SCHEDULE

18          All motions, except motions for continuances, temporary
19 restraining orders, or other emergency applications, shall be
20 filed on or before **June 30, 2026.**  All motions shall be noticed
21 for the next available hearing date.  Counsel are cautioned to
22 refer to the local rules regarding the requirements for noticing
23 and opposing such motions on the court's regularly scheduled law
24 and motion calendar.

25          In addition, the **January 6, 2025** hearing on the motion
26 to dismiss filed by defendant Ron Nurss, Inc. (Docket No. 34), is
27 hereby **VACATED**.  The hearing and briefing schedule on the motion
28 will be reset upon request of any party after final resolution of

1  the underlying state action, consistent with the court's ruling
2  in its order denying Buzz Oates' motion to stay but delaying
3  decision of all issues relating to insurance coverage until after
4  the conclusion of the state action.  (See Docket No. 33.)

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **September 8, 2026,** at 1:30 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  The parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

4

VII. TRIAL SETTING

   The jury trial is set for **November 10, 2026,** at 10:00 a.m.  The parties estimate that the trial will last 10-15 days.

VIII.   SETTLEMENT CONFERENCE

   Pursuant to the discussion with the parties at the scheduling conference, the parties shall contact the court with proposed dates for a settlement conference before a magistrate judge once defendant Financial Pacific Insurance Company has appeared in this case.  Counsel are instructed to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the settlement conference, counsel for each party shall submit a confidential settlement conference statement for review by the settlement judge.  The settlement conference statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.  MODIFICATIONS TO SCHEDULING ORDER

   Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge.  All requests to change the trial date shall be heard and decided only by the undersigned judge.

   IT IS SO ORDERED.

Dated:  December 3, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE